UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GREEN TREE SERVICING LLC.,

                        Plaintiff,

            -against-

NICHOLAS CHRISTODOULAKIS,
ALEXANDRA CHRISTODOULAKIS, and
OLGA CHRISTODOULAKIS,

                        Defendants.
--------------------------------------------------------X
FEUERSTEIN, J.

**FILED**
**CLERK**

9/29/2015 2:42 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**OPINION & ORDER**
**14-CV-2037 (SJF)(AYS)**

I.      Introduction

        On March 31, 2014, plaintiff Green Tree Servicing LLC ("plaintiff") commenced this

action against defendants Nicholas Christodoulakis ("Nicholas"), Alexandra Christodoulakis

("Alexandra") and Olga Christodoulakis ("Olga") (collectively, "defendants"), pursuant to this

Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), asserting claims seeking

(1) to recover on a certain promissory note, and (2) damages for fraud, unjust enrichment and

breach of warranty of title.  Pending before the Court are: (1) defendants' motion to dismiss

plaintiff's third and fourth (unjust enrichment) causes of action pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state a claim for relief or, in the alternative, for

summary judgment dismissing plaintiff's third and fourth (unjust enrichment) causes of action

pursuant to Rule 56 of the Federal Rules of Civil Procedure; (2) plaintiff's cross motion pursuant

to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on its first, third and

fourth causes of action (claims to recover on a certain promissory note and seeking damages for

1

unjust enrichment, respectively); and (3) defendants' applications, *inter alia*, to vacate the dismissal of their first through fifth affirmative defenses. For the reasons set forth below, defendants' motion to dismiss and plaintiff's cross motion for summary judgment are granted in part and denied in part and defendants' applications to vacate the dismissal of their affirmative defenses are denied.

II.      Background

     A.      Factual Background

Plaintiff is a limited liability company organized under the laws of Delaware, with its principal place of business in Rapid City, South Dakota. (Amended Complaint ["Am. Compl."], ¶ 1).

Nicholas and Alexandra are spouses; Olga is their daughter; and, at all relevant times, they resided together at 19 Highfield Drive, Dix Hills, New York 11746. (Am. Compl., ¶¶ 3-5; Affidavit of Alexandra Christodoulakis dated November 7, 2014 ["Alexandra Aff."], ¶ 1).

By deed dated June 15, 1981 ("the 1981 Deed"), Nicholas and Alexandra acquired title to the premises located at 2022 Mill Avenue, Brooklyn, New York ("the subject premises"). (Affirmation of Michael J. Siris, Esq. ["Siris Aff."], Ex. A). The 1981 Deed was recorded in the Office of the City Register of the City of New York on July 8, 1981 in Reel 1249, Page 893. (Id.; see the Automated City Register Information System ("ACRIS") of the New York City Department of Finance at https://a836-acris.nyc.gov/DS/DocumentSearch/BBLResult?page=2).

On or about October 22, 2003, Nicholas and Alexandra borrowed three hundred thousand dollars ($300,000.00) from New Century Mortgage Corporation, secured by a mortgage on the

subject premises ("the 2003 Mortgage"), which was recorded on January 26, 2004 under City Register File Number ("CRFN") 2004000048383.  (Siris Aff., Ex. B).

By quitclaim deed dated April 10, 2008 ("the Christodoulakis Deed"), Nicholas and Alexandra conveyed the subject premises to themselves and Olga, as tenants in common, for no consideration.  (Siris Aff., Ex. C).  According to Alexandra, that conveyance was required by BU; the mortgage broker, First Fidelity; the title company, Stewart Title Insurance Company ("STIC"); and/or the attorneys of those entities in order for her and Nicholas to refinance their existing mortgage.  (Alexandra Aff., ¶ 22).  The Christodoulakis Deed was recorded on May 9, 2008 under CRFN 2008000189297.  (Id.)

Approximately one (1) month later, by deed dated May 22, 2008 ("the Olga Deed"), defendants conveyed the subject premises to Olga.  (Am. Compl., ¶ 10; see Alexandra Aff., ¶¶ 22-23).  According to Alexandra, that conveyance was also required by BU, First Fidelity, STIC and/or their attorneys in order for her and Nicholas to refinance their existing mortgage, so defendants "executed the deed effectuating that transfer, and delivered it to [STIC] at the Closing table, [] asking no questions but simply complying with the requirements of the bank, as conveyed to [them] by [First Fidelity][.]"  (Alexandra Aff., ¶ 22) (emphasis omitted).  Alexandra asserts that "by the time [defendants] reached the closing, [they] were told that what [they] had thought to be a simple refinance mortgage * * * had now been converted into the charade of a sale of the property from [Nicholas] and [Alexandra] to [Olga] * * *."  (Id.) (emphasis omitted).

On that same date, Olga borrowed three hundred eighty-five thousand dollars ($385,000.00) from BU ("the BU Loan"), (id., ¶ 11; Answer ["Ans."], ¶¶ 3-4; Siris Aff., Ex. E), secured by a mortgage on the subject premises ("the 2008 Mortgage") executed by Olga,

designating the Mortgage Electronic Registration Systems, Inc. ("MERS"), "acting solely as a

nominee for [BU] and [BU's] successors and assigns" as the "mortgagee of record," (Siris Aff.,

Ex. D at 1), and accompanying note payable to BU ("the Note"). (Id.; see Attachment to Letter

from Michael J. Siris to Court dated January 26, 2015 ["1/26/2015 Ltr."]). Section eighteen (18)

of the 2008 Mortgage provides, in relevant part, that BU

> "may require Immediate Payment in Full of all Sums Secured by this Security
> Instrument if all or any part of the [subject premises], or if any right in the [subject
> premises], is sold or transferred without [BU's] prior written permission. * * * If
> [BU] requires Immediate Payment in Full under this Section 18, [it] will give me
> a notice which states this requirement. The notice will give me at least 30 days to
> make the required payment. The 30-day period will begin on the date the notice is
> given to me in the manner required by Section 15 of this Security Instrument [in
> writing, by first class mail or actual delivery to Olga's "notice address"]. If I do
> not make the required payment during that period, [BU] may act to enforce its
> rights under this Security Instrument without giving me any further notice or
> demand for payment."

(Siris Aff., Ex. B at 11, sec. 18). The Note contains a virtually identical provision. (1/26/2015

Ltr. Attachment).

Moreover, the 2008 Mortgage expressly provides, in relevant part, that Olga

> "[1] promise[d] that: (A) [she] lawfully own[ed] the [subject premises]; (B) [she]
> ha[d] the right to mortgage, grant and convey the [subject premises] to [BU]; and
> (C) there [were] no outstanding claims or charges against the [subject premises],
> except for those which [were] of public record[;]
>
> [2] * * * g[a]ve a general warranty of title to [BU][,] * * * mean[ing] that [she]
> [would] be fully responsible for any losses which [BU] suffer[ed] because
> someone other than [her]self ha[d] some of the rights in the [subject premises]
> which [she] promise[d] that [she] ha[d][;] [and]
>
> [3] promise[d] that [she] [would] defend [her] ownership of the [subject premises]
> against any claims of such rights."

(Siris Aff., Ex. D at 4). According to plaintiff, BU relied upon the Olga Deed, and the

representations and covenants therein that the subject premises were conveyed to, and owned solely by, Olga, in entering into the BU Loan agreement. (Am. Compl., ¶ 11).

From the proceeds of the BU Loan, BU paid the sum of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38) to Countrywide Home Loans, which was then holding and/or servicing the 2003 Mortgage, in satisfaction of the 2003 Mortgage. (Siris Aff., Ex. E). A "Satisfaction of [the 2003] Mortgage," dated June 17, 2008, was recorded on July 2, 2008, under CRFN 2008000263495. (Id.). According to Alexandra, BU received full consideration for the BU Loan, insofar as it received the 2008 Mortgage and Note securing the full amount of the BU Loan from Olga at that time. (Alexandra Aff., ¶¶ 27-28).

The 2008 Mortgage was not recorded until May 28, 2013, under CRFN 2013000210810, (id., Ex. D), and the Olga Deed was never recorded. (Am. Compl., ¶ 14). According to Alexandra, defendants did not know until 2013, when Olga sought to sell the subject premises, that the Olga Deed and 2008 Mortgage had never been recorded. (Alexandra Aff., ¶ 25).

On or about April 1, 2009, the Note "was physical [sic] delivered, surrendered, and conveyed to Plaintiff, along with all right, title and interest in and thereto, upon service transfer to [plaintiff] * * *." (Affidavit of Jamie Larson in Opposition to Motion to Dismiss and in Support of Motion for Summary Judgment, dated August 11, 2014, ["Larson Aff."], ¶ 3 and Ex. I).

On or about March 8, 2013, defendants conveyed the subject premises to Michael D. and Donna Carter (collectively, "the Carters") for the sum of three hundred fifty-four thousand dollars ($354,000.00) ("the Carter conveyance"). (Am. Compl., ¶ 16; Ans., ¶¶ 5-6; Siris Aff., Ex. F). According to Alexandra, her and Nicholas's "involvement in [the Carter conveyance]

was solely to provide signatures to remedy an error by the title company 5 years earlier, and [they] were not actual sellers, nor * * * entitled to the proceeds of the sale." (Alexandra Aff., ¶ 26). Alexandra contends that any proceeds she and Nicholas received from the Carter conveyance "were at the behest and choice of [their] daughter Olga." (Id.; see also id., ¶ 29). However, it is undisputed that a check in the amount of two hundred sixty thousand one hundred eighty-two dollars and forty-one cents ($260,182.41), payable to Nicholas and Olga, was issued from the proceeds of the Carter conveyance. (Plaintiff's "Statement of Material Fact [sic] Pursuant to Local Rule 56.1" ["Plf. 56.1 Stat."], ¶ 7; "Defendants' Statetment [sic] under Local Rule 56.1(b)" ["Def. 56.1 Stat."] at 3; see Siris Aff., Ex. H).

To finance their purchase of the subject premises, the Carters obtained a loan from Wells Fargo Bank, N.A. in the amount of two hundred eighty-three thousand two hundred dollars ($283,200.00), secured by a mortgage on the subject premises ("the WF Mortgage"). (Siris Aff., Ex. G). The deed transferring the subject premises to the Carters ("the Carter Deed") and the WF Mortgage were both recorded on or about March 28, 2013, under CRFN 2013000128521 and 2013000128522, respectively, prior to the 2008 Mortgage being recorded. (Siris Aff., Exs. F and G). According to plaintiff, the recording of the WF Mortgage prior to the 2008 Mortgage "effectively destroy[ed] the [] 2008 Mortgage and ruin[ed] the ability of the [subject] Premises to serve as collateral for the [] 2008 Mortgage given by Olga to Plaintiff's assignor (BU)." (Am. Compl., ¶ 19).

Plaintiff alleges that at the time of the Carter conveyance, defendants (1) "were fully aware" that the Olga Deed and 2008 Mortgage were not recorded and, thus, "knew full well that any persons examining the title to the [subject] Premises would (wrongly) believe that the three

of them were still in title to the [subject] Premises when, in fact, Nicholas and Alexandra had

conveyed title thereto to Olga per the May 22, 2008 (unrecorded) [Olga] Deed * * *[,]" (Am.

Compl., ¶ 15); and (2) "were aware that the [subject] Premises were pledged as collateral by Olga

for a $385,000.00 mortgage loan from Plaintiff's assignor [BU], the proceeds of which benefitted

them all[,]" (id., ¶ 17).

     Upon Olga's default on the Note, plaintiff accelerated the debt by demanding full

payment of the entire principal amount due thereunder. (Larson Aff., ¶ 7; Affidavit of Jamie

Larson dated December 1, 2014 ["Larson Aff. II, ¶ 2). According to Jamie Larson, plaintiff's

foreclosure supervisor, as of November 25, 2014, the sum of four hundred fifty-nine thousand

eight hundred eighty-four dollars and ninety-four cents ($459,884.94), including "various late

charges, escrows and similar fees," remains due and owing under the Note from Olga.[1] (Larson

Aff. II, ¶ 2).

     Plaintiff, through counsel, filed a claim against STIC to recover under the title insurance

policy it issued to BU, "its successors and/or assigns," under policy number M-8902-072629.

(see Affidavit of James F. Misiano in Opposition to Motion for Summary Judgment and in Reply

in Support of Motion to Dismiss under Rule 12(b)(6) ["Misiano Aff."], Exs. F and H). However,

plaintiff's claim has not been paid. (Larson Aff. II, ¶ 3).

---

[1] According to Ms. Larson, the amount of principal due on the Note as of that same date
was three hundred sixty-nine thousand one hundred thirty-two dollars and ninety-seven cents
($369,132.97). (Larson Aff., II, ¶ 2).

Procedural History

On March 31, 2014, plaintiff commenced this action against defendants pursuant to this Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).  On December 24, 2014, plaintiff filed an amended complaint asserting claims (1) against Olga seeking (a) to recover the sum of three hundred eighty-five thousand dollars ($385,000.00), "together with applicable interest, costs, attorneys' fees and such other sums as may be due," (Am. Compl., ¶¶ 23, 37), (i) under the Note (first cause of action), (id., ¶¶ 20-23); and (ii) for her breach of the warranties of title made to plaintiff's assignor, BU (fifth cause of action), (id., ¶¶35-37), and (b) compensatory and punitive damages for her fraudulent conveyance of the subject premises to the Carters (second cause of action), (id., ¶¶ 24-26); and (2) against defendants seeking compensatory and punitive damages, plus interest, costs and attorneys' fees, for their unjust enrichment (third and fourth causes of action), (id., ¶¶ 27-33).

In their answer to the complaint, defendants asserted the following affirmative defenses: (1) that this Court lacks subject matter jurisdiction because plaintiff was not the actual party in interest at the time this action was commenced and has not pleaded the citizenship of the actual party in interest in the complaint (first affirmative defense), (Ans., ¶¶ 7-9); (2) that since plaintiff was not the holder of the Note and 2008 Mortgage at the time this action was commenced, (a) it lacks standing to maintain this action (second affirmative defense), (id., ¶¶ 10-11), (b) it "has no contract privity with defendants[,] nor is any tort duty owed by any of the defendants to Plaintiff" (third affirmative defense), (id., ¶¶ 12-13), (c) it "is not a party in interest vis á vis the acts complained of and damages allegedly resulting therefrom" (fourth affirmative defense), (id., ¶¶ 14-15), and (d) it "has not suffered, and cannot suffer, any damages allegedly resulting from the

acts complained of [in the complaint]" (fifth affirmative defense), (id., ¶¶ 16-17); (3) that

plaintiff "has already been compensated for the damages it claims to have suffered herein, from a

collateral source" or, alternatively, "has the right and ability to recover any damages it may have

suffered from one or more other sources, to wit, one or more third parties which caused these

damages, and/or entities which have insured [it] and/or those third parties for such losses" (sixth

affirmative defense), (id., ¶¶ 18-20); (4) that plaintiff may not recover damages resulting from the

failure to record the Olga Deed and 2008 Mortgage because (a) the failure to record "was the

fault and responsibility of either: (i) plaintiff, and/or its agents[,] servants or employees, (ii)

plaintiff's assignor or predecessor(s) in interest, or their agents[,] servants or employees, or (iii)

other third parties and or their agents, servants or employees, but in no event was the fault or

responsibility of any of the defendants" (seventh affirmative defense), (id., ¶¶ 21-22), and (b)

regardless of who was at fault in failing to record those documents, plaintiff "could not, and did

not, suffer any damages" therefrom because those documents "were *prima facie* defective and

insufficient to convey title to the subject [premises], or to grant a mortgage on the subject

[premises]" (ninth affirmative defense), (id., ¶¶ 24-25); and (5) plaintiff may not recover any

damages from defendants due to its, "and/or its predecessors in interest's[,]" laches (eighth

affirmative defense), (id., ¶ 23).

During the initial pretrial conference before me on July 23, 2014, after plaintiff provided

an affidavit to defendants from its foreclosure supervisor indicating, in relevant part, that the

Note "was physically delivered, surrendered, and conveyed to Plaintiff, along with all right, title,

and interest in and thereto, upon service transfer to [plaintiff] 4/1/2009[,]" I, *inter alia*, dismissed

defendants' first five (5) affirmative defenses challenging plaintiff's status as a holder and/or

assignee of the Note.  (See Docket Entry ["DE"] 15 and 52).

Defendants now move (1) to dismiss plaintiff's third and fourth (unjust enrichment) causes of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief, or, in the alternative, for summary judgment dismissing those causes of action pursuant to Rule 56 of the Federal Rules of Civil Procedure, and (2) to vacate the dismissal of their first five (5) affirmative defenses; and plaintiff cross-moves for summary judgment on its first, third and fourth causes of action (claims seeking to recover on the Note and damages for unjust enrichment) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

III.    Discussion

        A.      Defendants' Motion to Dismiss

                1.      Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly,

550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715, 190 L. Ed. 2d 441 (2014).[2]

2.      Unjust Enrichment Claims

Defendants seek dismissal of plaintiff's unjust enrichment claims on the basis that under New York law, which the parties agree applies in this case, a plaintiff cannot maintain a "quasi contract" claim, such as an unjust enrichment claim, where a contract governing the subject

---

[2] Although the parties submit extrinsic evidence in relation to plaintiff's cross motion for summary judgment, I did not consider such evidence in determining defendants' motion to dismiss, particularly since the motion raised a mere issue of law that could be decided based upon the face of the pleadings. In any event, since, inter alia, the parties were afforded a reasonable opportunity to present materials outside the pleadings and, in fact, submitted such materials in support of, and in opposition to, plaintiff's cross motion for summary judgment, I need not exclude the extrinsic evidence from my consideration of defendants' motion under Rule 12(d) of the Federal Rules of Civil Procedure. See Reliance Ins. Co. v. Polyvision Corp., 474 F.3d 54, 57 (2d Cir. 2007) (finding that it was not error for the district court to consider evidence outside of the complaint in resolving a Rule 12(c) motion "without explicitly giving notice that it was converting the Rule 12 motion to a Rule 56 motion[,]" because it was "clear from the record * * * that [the non-moving party] knew additional factual considerations were being considered and, in fact, responded with its own evidentiary submissions."); M.J.M. Exhibitors, Inc. v. Stern (In re G. & A. Books, Inc.), 770 F.2d 288, 295 (2d Cir. 1985). ("A party cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss * * *.")

matter exists. Thus, defendants contend that the existence of an underlying contract governing the subject matter in this case, i.e., the 2008 Mortgage and Note, precludes plaintiff's unjust enrichment claims against them.

a.      Claims against Olga

Under New York law, "[t]he theory of unjust enrichment lies as a quasi-contract claim.  It is an obligation the law creates *in the absence of any agreement*."  Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 54 (2d Cir. 2011) (emphasis added) (quoting Goldman v. Metropolitan Life Ins. Co., 5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 841 N.E.2d 742 (N.Y. 2005)); see also Maryland Cas. Co. v. W.R. Grace & Co., 218 F.3d 204, 212 (2d Cir. 2000) ("The notion of unjust enrichment applies where there is no contract between the parties[.]"); Clark Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 516 N.E.2d 190 (N.Y. 1987) ("It is impermissible * * * to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties.")  Thus, "the existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter[.]"  EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 23, 799 N.Y.S.2d 170, 832 N.E.2d 26 (N.Y. 2005); see also Clark Fitzpatrick, 70 N.Y.2d at 388, 521 N.Y.S.2d 653 ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery

in quasi contract for events arising out of the same subject matter.") In other words, where "the matter is controlled by contract[,] * * * there is no valid claim for unjust enrichment." Goldman, 5 N.Y.3d at 572, 807 N.Y.S.2d 583; see also Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 587 (2d Cir. 2006) (holding that under New York law, unjust enrichment claims are precluded "whenever there is a valid and enforceable contract governing a particular subject matter, whether that contract is written, oral, or implied-in-fact.") The Court of Appeals of the State of New York explained that an unjust enrichment claim

> "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled * * *. An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim[.]"

Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 790-91, 944 N.Y.S.2d 732, 740, 967 N.E.2d 1177, 1185 (N.Y. 2012) (citations omitted).

Since the 2008 Mortgage and Note are valid and enforceable contracts between plaintiff, as the holder thereof, and Olga governing the subject matter of plaintiff's claims against Olga, plaintiff is precluded from maintaining its unjust enrichment claims against Olga. Accordingly, the branch of defendants' motion seeking dismissal of plaintiff's unjust enrichment claims (third and fourth causes of action) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted to the extent that plaintiff's unjust enrichment claims against Olga are dismissed in their entirety with prejudice for failure to state a claim for relief.

b.      Claims against Nicholas and Alexandra

However, there is no contract, written, oral or implied-in-fact, covering the dispute

between plaintiff and Nicholas or Alexandra and, thus, plaintiff has no legal claim for breach of

contract against Nicholas and Alexandra.  Moreover, plaintiff's complaint does not state a

recognized tort claim against Nicholas or Alexandra.  Rather, the complaint alleges that Nicholas

and Alexandra, whether guilty of any wrongdoing or not, received a benefit, both in 2008 when

their 2003 Mortgage was satisfied and in 2013 when they received part of the proceeds from the

Carter conveyance, to which they were not entitled and, thus, states plausible unjust enrichment

claims against Nicholas and Alexandra under New York law.  See generally Corsello, 18 N.Y.3d

at 790-91, 944 N.Y.S.2d 732.  Accordingly, so much of defendants' motion as seeks dismissal of

plaintiff's unjust enrichment claims (third and fourth causes of action) against Nicholas and

Alexandra pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.


B.      Plaintiff's Cross Motion for Summary Judgment

1.      Standard of Review

"A motion for summary judgment may properly be granted * * * only where there is no

genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant

judgment for the moving party as a matter of law."  In re Dana Corp., 574 F.3d 129, 151 (2d Cir.

2009); see Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law.")  In ruling on a summary judgment motion, the district court must first

"determine whether there is a genuine dispute as to a material fact, raising an issue for trial."

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and

citations omitted); see Ricci v. DeStefano, 557 U.S. 557, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d

490 (2009) (holding that "[o]n a motion for summary judgment, facts must be viewed in the light

most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts."

(emphasis added) (internal quotations and citation omitted)); Vermont Right to Life Comm., Inc.

v. Sorrell, 758 F.3d 118, 142 (2d Cir. 2014), cert. denied, 135 S. Ct. 949, 190 L. Ed. 2d 830

(2015) ("The role of the court on a summary judgment motion is to determine whether, as to any

material issue, a genuine factual dispute exists." (quotations and citation omitted)).  "On a

motion for summary judgment, a fact is material if it 'might affect the outcome of the suit under

the governing law.'" Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City

of New York, 746 F.3d 538, 544 (2d Cir. 2014) (quoting Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

   In reviewing the record to determine whether there is a genuine issue for trial, the court

must "construe the evidence in the light most favorable to the nonmoving party," Dalberth v.

Xerox Corp., 766 F.3d 172, 182 (2d Cir. 2014) (quotations and citation omitted), and "resolve all

ambiguities and draw all permissible factual inferences in favor of the party against whom

summary judgment is sought."  Smith v. County of Suffolk, 776 F.3d 114, 121 (2d Cir. 2015)

(quotations and citation omitted); accord Delaney v. Bank of America Corp., 766 F.3d 163, 168

(2d Cir. 2014). "An issue of fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" <u>Dalberth</u>, 766 F.3d at 182 (quoting <u>Anderson</u>, 477 U.S. at 248, 106 S. Ct. 2505); <u>see also</u> <u>Delaney</u>, 766 F.3d at 168. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." <u>Ricci</u>, 557 U.S. 557, 129 S. Ct. at 2677 (quoting <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)); <u>accord</u> <u>Smith</u>, 776 at 121.

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." <u>CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP</u>, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted); <u>see also</u> <u>Crawford v. Franklin Credit Mgmt. Corp.</u>, 758 F.3d 473, 486 (2d Cir. 2014). "[W]hen the moving party has carried its burden * * *, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts * * *[,]" <u>Scott v. Harris</u>, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (quoting <u>Matsushita Elec.</u>, 475 U.S. at 586-87, 106 S. Ct. 1348), and must offer "some hard evidence showing that its version of the events is not wholly fanciful." <u>Miner v. Clinton County, New York</u>, 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted). The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." <u>Lyons v. Lancer Ins. Co.</u>, 681 F.3d 50, 56 (2d Cir. 2012). "'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat a summary judgment motion[,]" <u>Fabrikant v. French</u>, 691 F.3d 193,

205 (2d Cir. 2012) (quoting <u>Anderson</u>, 477 U.S. at 252, 106 S. Ct. 2505); and "[a] court cannot credit a plaintiff's merely speculative or conclusory assertions."  <u>DiStiso v. Cook</u>, 691 F.3d 226, 230 (2d Cir. 2012); <u>see also</u> <u>Fabrikant</u>, 691 F.3d at 205 ("[C]onclusory statements or mere allegations will not suffice to defeat a summary judgment motion." (quotations and citation omitted)).

### 2.    Claim to Recover on the Note

"To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms[.]"  <u>Rodrigues v. Samaras</u>, 117 A.D.3d 1022, 1023, 987 N.Y.S.2d 78 (N.Y. App. Div. 2014) (quotations and citation omitted); <u>accord</u> <u>Ahern v. Miloslau</u>, 128 A.D.3d 992, 992, 9 N.Y.S.3d 665 (N.Y. App. Div. 2015); <u>Zyskind v. FaceCake Mktg. Technologies, Inc.</u>, 101 A.D.3d 550, 551, 956 N.Y.S.2d 45 (N.Y. App. Div. 2012); <u>see also</u> <u>HICA Educ. Loan Corp. v. Yunatanov</u>, No. 11-cv-488, 2013 WL 3288452, at *2 (E.D.N.Y., June 28, 2013) ("To establish a prima facie case for the recovery of a breach of contract to pay a promissory note, * * * [t]he plaintiff must show that (1) the defendant signed the promissory note; (2) the party seeking enforcement is the present holder or owner of the note; and (3) that the note is in default.")  Moreover, "[w]here, as here, the plaintiff's standing has been placed in issue * * *, the plaintiff also must prove its standing as part of its prima facie

showing[.]" Loancare v. Firshing, 130 A.D.3d 787, 789, 14 N.Y.S.3d 410 (N.Y. App. Div.

2015); accord Wells Fargo Bank Minnesota, N.A. v. Mastropaolo, 42 A.D.3d 239, 242, 837

N.Y.S.2d 247 (N.Y. App. Div. 2007); see also Bank of Am., N.A. v. NMR Realty Abstract

Servs., Ltd., No. 12-cv-797, 2014 WL 3585716, at * 4 (E.D.N.Y. Jan. 2, 2014) ("When the issue

of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to

relief." (quotations and citation omitted)).


### a.     Standing

Olga's "primary defense" to the branch of plaintiff's cross motion seeking summary

judgment on its claim against her to recover on the Note is that plaintiff "has not proven, with

admissible evidence, that it owns the Note, and is the party to whom Olga owes the balance due

under the Note." (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for

Summary Judgment ["Def. Mem."], at 2).

Plaintiff has established its standing as the present holder of the Note through the

submission of documentary evidence and the affidavits of its foreclosure supervisor indicating,

*inter alia*, that the Note was physically delivered to it on or about April 1, 2009, before it

commenced this action, and that it was in physical possession of the Note, containing an

indorsement "in blank," when it commenced this action. See, e.g. Robinson v. H&R Block

Bank, FSB, No. 12-cv-4196, 2013 WL 2356106, at * 4 (E.D.N.Y. May 29, 2013), aff'd, 562 F.

App'x 12 (2d Cir. Apr. 11, 2014) ("[A]n assignment may be made under New York law by

physical delivery and not only by written indorsement. * * * Neither is it required that mortgage assignments are recorded, or that they even be in writing, as long as the mortgage and note are actually delivered."); see also Kondaur Capital Corp. v. McCary, 115 A.D.3d 649, 650 (N.Y. App. Div. 2014) ("The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note[.]" (quotations, brackets and citation omitted)); Chase Home Fin., LLC v. Miciotta, 101 A.D.3d 1307, 1307, 956 N.Y.S.2d 271 (N.Y. App. Div. 2012) (accord). Once the Note was transferred, the 2008 Mortgage passed to plaintiff "as an incident to the [N]ote." Aurora Loan Services, LLC v. Taylor, 25 N.Y.3d 355, 361, 12 N.Y.S.3d 612, 34 N.E.3d 363, 366 (N.Y. 2015); see also Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 91 (2d Cir. 2014) (holding that under New York law, "when a note secured by a mortgage is assigned, the mortgage passes with the debt as an inseparable incident." (quotations and citation omitted)).

Contrary to defendants' contention, the fact that plaintiff was merely a servicer of the BU Loan, and not the owner of the 2008 Mortgage and Note, is irrelevant, as a loan servicer has standing to enforce payment of a note so long as it was a holder of the note when the action was commenced. See Aurora Loan, 25 N.Y.3d at 361-62, 12 N.Y.S.2d 612; Knox v. Countrywide Bank, No. 13-cv-3789, 2015 WL 5254519, at * 9 (E.D.N.Y. July 29, 2015), report and recommendation adopted by 2015 WL 5285738 (E.D.N.Y. Sept. 9, 2015) ("Under New York law, "[t]he holder of an instrument, whether or not he or she is the owner, may transfer or negotiate it and discharge it or enforce payment in his or her own name[.]" (first brackets in

original) (quoting N.Y. U.C.C. § 3-301)); Aurora Loan Servs., LLC v. Sadek, 809 F. Supp. 2d 235, 240 (S.D.N.Y. 2011) (accord); Wells Fargo Bank, N.A. v. Ostiguy, 127 A.D.3d 1375, 1376, 8 N.Y.S.3d 669 (N.Y. App. Div. 2015) (accord). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff[,]" Ostiguy, 127 A.D.3d at 1376, 8 N.Y.S.3d 669; see also Lodge v. United Homes, LLC, 787 F. Supp. 2d 247, 255 (E.D.N.Y., 2011) ("Under the New York Uniform Commercial Code, a 'holder' is 'a person who is in possession of ... an instrument ..., issued or indorsed to him or to his order or to bearer or in blank.' (quoting N.Y. U.C.C. § 1–201(20))), and "the beneficial owner and note holder need not be the same entity." Knox, 2015 WL 5254519, at * 9. Thus, regardless of who the owner of the Note is or was at the time this action was commenced, plaintiff's physical possession of the Note, containing an indorsement "in blank," at the time the action was commenced, (see DE 54), was sufficient to confer standing upon it to commence this action seeking to enforce payment of the Note.[3] See, e.g. Aurora Loan, 25 N.Y.3d at 361-62, 12 N.Y.S.2d 612; Ostiguy, 127 A.D.3d at 1377, 8 N.Y.S.3d 669.

---

[3] Contrary to defendants' suggestion, (see DE 56), plaintiff's repeated references in the complaint to its status as a "holder and/or assignee" of the 2008 Mortgage and Note were not misleading in any respect since, for the reasons stated herein, plaintiff was a holder of those documents as a matter of law. Neither plaintiff's purported failure to specifically identify itself as a loan servicer, nor its delay in identifying the owner of the Note, is relevant, since standing to sue under New York law is based upon whether the plaintiff was a holder or assignee of the instrument when the action was commenced, not whether it was an owner, servicer, custodian, etc., of the Note. Moreover, contrary to defendants' contention, nowhere in any of her affidavits does Ms. Larson indicate that plaintiff was ever the owner of the Note.

Defendants have not provided any evidence to contradict plaintiff's claim that it was the holder of the Note when this action was commenced. The first claim letter sent to STIC by plaintiff's foreclosure counsel, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C. ("Berkman, Henoch"), dated August 28, 2012, identifying their client as "Green Tree Credit Solutions, LLC" ("GTCS"), plaintiff's corporate parent, (see Larson Aff. II, ¶ 3), and representing that GTCS was "the holder of the first mortgage on the [subject premises]," (Misiano Aff., Ex. E), is, alone, insufficient to raise a genuine issue of material fact requiring a trial, particularly since, *inter alia*, it constitutes inadmissible hearsay; it contains no indication that GTCS was ever a holder of the Note; and it is contradicted by other, admissible documentary evidence establishing as a matter of law that plaintiff was the actual holder of both the 2008 Mortgage and Note when this action was commenced. In other words, viewing all of the evidence in the record, the hearsay, and, thus, inadmissible, statement by someone at Berkman, Henoch indicating that their client was GTCS, as opposed to plaintiff, does not raise a genuine issue of material fact requiring a trial, and could not lead a rational trier of fact to find for defendants on the issue of plaintiff's standing as a holder of the Note.

Defendants' request, *inter alia*, that I defer considering, or deny, plaintiff's cross motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, is denied since, *inter alia*, I have allowed the parties to submit, and have fully considered, the additional materials and arguments they have submitted in support of, and in opposition to, plaintiff's cross motion for summary judgment during the course of discovery, including a copy of the original

Note, (see Docket Entries ["DE"] 50, 52-54, 56-57), and defendants have not identified any

specific discovery that remains outstanding that would reasonably be expected to raise a genuine

issue of material fact with respect to plaintiff's claim against Olga to recover on the Note.[4]  See,

e.g. DePaola v. City of New York, 586 F. App'x 70, 71 (2d Cir. Dec. 5, 2014) (summary order)

("In our Circuit, a nonmovant seeking additional discovery in the face of a pending summary

judgment motion must submit an affidavit including the nature of the uncompleted discovery;

how the facts sought are reasonably expected to create a genuine issue of material fact; what

efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful."

(quotations and citation omitted)); accord Lunts v. Rochester City Sch. Dist., 515 F. App'x 11,

13 (2d Cir. Mar. 20, 2013) (summary order).  Defendants' contention that additional discovery

would help determine whether plaintiff was a "holder in due course," (Misiano Aff., ¶¶ 11, 26),

is misplaced, since, absent a valid defense, an entity need only be a mere holder of a promissory

---

[4]  Although depositions have not yet been conducted, the documentary evidence, including the Note, containing an indorsement "in blank," and the 2008 Mortgage, establishes as a matter of law that plaintiff was a holder of the Note when this action was commenced.  Thus, any testimonial evidence in that regard would be merely cumulative.  In re Dana, 574 F.3d at 148-49 ("A court plainly has discretion to reject a request for discovery if the evidence sought would be cumulative or if the request is based only on speculation as to what potentially could be discovered, and a bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment.")  Moreover, contrary to defendant's contention, Ms. Larson's averments in her affidavit based upon her review of plaintiff's business records, in her capacity as plaintiff's foreclosure supervisor, are based upon her personal knowledge and do not constitute inadmissible hearsay, since "affiants may . . . testify to the contents of records they have reviewed in their official capacities." Fletcher v. Standard Fire Ins. Co., 80 F. Supp. 3d 386, 394 (E.D.N.Y., 2015) (quotations and citation omitted); accord Searles v. First Fortis Life Ins. Co., 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000).

note indorsed "in blank" in order to enforce payment thereunder, and need not be a holder in due

course.  See generally Genger v. Sharon, 910 F. Supp. 2d 656, 666 (S.D.N.Y. 2012), aff'd sub

nom Wachtel Masyr & Missry LLP v. Genger, 568 F. App'x 10 (2d Cir. May 28, 2014);

Provident Bank v. Community Home Mortg. Corp., 498 F. Supp. 2d 558, 572-73 (E.D.N.Y.

2007).  Similarly, documents showing the name and contact information "for each owner of the

alleged debt" from May 22, 2008 to present; information regarding when "each owner" acquired,

assigned and/or transferred the debt; the date and manner of any such transfer or assignment, and

the consideration paid therefor; and information regarding any title reports, title policies, claims

thereunder, etc.,[5] (see Misiano Aff., Ex. C at 3-4, ¶¶ 2-3, 7), would not affect plaintiff's status as

a holder of the Note and 2008 Mortgage when this action was commenced and, thus, would not

raise a genuine issue of material fact requiring a trial.[6]

Since plaintiff has established as a matter of law that it was the holder of the 2008

Mortgage and Note at the time this action was commenced and, thus, that it has standing to assert

---

[5]  Since plaintiff provided a sworn affidavit from Ms. Larson indicating, in relevant part, that STIC has not paid plaintiff's claim under the title insurance policy to date, defendants' speculative contention that STIC may be the real party in interest, (see Misiano Aff., ¶¶ 24-25), does not raise a genuine issue of material fact.

[6]  Defendants erroneously contend that plaintiff "must show that it is the owner and holder of the Note," (Misiano Aff., ¶ 12), as plaintiff need only establish that it was a holder of the Note, containing an indorsement "in blank," (or an owner) when this action was commenced. See N.Y. U.C.C. § 3-301 ("The holder of an instrument *whether or not he is the owner* may transfer or negotiate it and, except as otherwise provided in Section 3-603 on payment or satisfaction, discharge it or enforce payment in his own name." (emphasis added)).  Defendants seemingly fail to comprehend that the two statuses, owner and holder, are not the same. Compare "Defendants' Demand for Production of Documents under Federal Rules of Civil Procedure 34," (Misiano Aff., Ex. C, ¶¶ 2-3), with Misiano Aff., ¶ 15; compare Misiano Aff., ¶¶ 42-43, with Larson Aff., ¶¶ 3-4; see DE 56.

its claim against Olga to recover on the Note, defendants' applications seeking to vacate the dismissal of their first five (5) affirmative defenses, which required them to establish that plaintiff was not a holder and/or assignee of the Note, or, in the alternative, to dismiss the complaint, (see DE 56), are denied. See, e.g. F.D.I.C. v. Giammettei, 34 F.3d 51, 55 (2d Cir. 1994) (holding that an affirmative defense may be stricken "when review of the record in a light most favorable to the defendant reveals the absence of evidence supporting an essential element of the defense.")

b.    Judgment as a Matter of Law

Plaintiff has also established its entitlement to judgment as a matter of law on its claim against Olga to recover the balance due under the Note by submitting, *inter alia*, copies of the Note and the 2008 Mortgage executed by Olga, acknowledging her indebtedness thereunder and containing an unequivocal and unconditional obligation to repay the BU Loan, as well as an affidavit of its foreclosure supervisor attesting to Olga's failure to make payments on the Note in accordance with its terms. See, e.g. Sun Convenient, Inc. v. Sarasamir Corp., 123 A.D.3d 906, 907, 999 N.Y.S.2d 432 (N.Y. App. Div. 2014); Rachmany v. Regev, 115 A.D.3d 840, 841, 982 N.Y.S.2d 352 (N.Y. App. Div. 2014) German Am. Capital Corp. v. Oxley Dev. Co., LLC, 102 A.D.3d 408, 408, 958 N.Y.S.2d 49  (N.Y. App. Div. 2013), lv. denied, 21 N.Y.3d 862, 972 N.Y.S.2d 219, 995 N.E.2d 182 (N.Y. 2013); Webster v. Murray, 70 A.D.3d 674, 675, 894 N.Y.S.2d 486 (N.Y. App. Div. 2010).  Indeed, defendants concede "that [Olga] took the

$385,000 mortgage loan in May 2008, and received the proceeds of that loan, and that she defaulted in repaying the loan." (Def. Mem. at 2).

Once a prima facie claim to recover on a promissory note is established, "the burden then shift[s] to the defendants to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense[,]" Imperial Capital Bank v. 11-13-15 Old Fulton D, LLC, 88 A.D.3d 652, 653, 930 N.Y.S.2d 267, (N.Y.A.D. 2 Dept., 2011) (quotations, brackets and citations omitted); see also Zyskind, 101 A.D.3d at 551, 956 N.Y.S.2d 45; Signature Bank v. Galit Properties, Inc., 80 A.D.3d 689, 689, 915 N.Y.S.2d 138 (N.Y.A.D. 2 Dept., 2011), which defendants failed to do.

In addition, plaintiff established the amount of the balance due from Olga on the Note by submitting an affidavit from Ms. Larson averring, based upon her familiarity with the 2008 Mortgage and Note in her capacity as a foreclosure supervisor for plaintiff, that the sum of four hundred fifty-nine thousand eight hundred eighty-four dollars and ninety-four cents ($459,884.94) remains due and owing from Olga under the Note, which defendants failed to dispute. (See Larson Aff. II, ¶ 2). Accordingly, so much of plaintiff's cross motion as seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on its first cause of action against Olga to recover on the Note is granted and plaintiff is granted judgment as a matter of law on its claim against Olga to recover on the Note (first cause of action) in the amount of four hundred fifty-nine thousand eight hundred eighty-four dollars and ninety-four cents ($459,884.94).

3. Unjust Enrichment Claims

To prevail on its unjust enrichment claims against Nicholas and Alexandra, to which the parties agree that New York law applies, plaintiff need establish only "(1) that [Nicholas and Alexandra] benefitted; (2) at [] plaintiff's expense; and (3) that equity and good conscience require restitution." Beth Israel, 448 F.3d at 586; accord Bigio v. Coca-Cola Co., 675 F.3d 163, 176-77 (2d Cir. 2012). "The essence of such a claim is that one party has received money or a benefit at the expense of another." Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000); accord NMR Realty, 2014 WL 3585716, at * 5. "Whether a party is unjustly enriched is a legal conclusion reached through the application of principles of equity." Counihan v. Allstate Ins. Co., 194 F.3d 357, 361 (2d Cir. 1999); see also Brand v. Brand, 811 F.2d 74, 81 (2d Cir. 1987) ("A conclusion that one has been unjustly enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties." (quotations and citation omitted)).

Contrary to Alexandra's contention, she and Nicholas were clearly unjustly enriched in 2008, insofar as they received a benefit, i.e., satisfaction of their 2003 Mortgage, see, e.g. Kaye, 202 F.3d at 616; NMR Realty, 2014 WL 3585716, at * 5, without giving plaintiff, or its predecessor or assignor, anything in return, cf. Pallian v. Metlife Bank, N.A., No. 12 Civ. 4639, 2013 WL 3190327, at * 4 (E.D.N.Y. June 20, 2013), since only Olga executed the 2008 Mortgage and Note.

Although Alexandra repeatedly maintains that she and Nicholas did not a commit any

wrongful act in 2008, when their 2003 Mortgage was satisfied from the proceeds of the BU Loan, "a finding of unjust enrichment 'does not require the performance of any wrongful act by the one enriched.'" Counihan, 194 F.3d at 361 (quoting Simonds v. Simonds, 45 N.Y.2d 233, 242, 408 N.Y.S.2d 359, 380 N.E.2d 189 (N.Y. 1978)). "Indeed, innocent parties may frequently be unjustly enriched." Id.; accord Newbro v. Freed, 409 F. Supp. 2d 386, 398 (S.D.N.Y. 2006), aff'd, 2007 WL 642941 (2d Cir. Febr. 27, 2007) (summary order). In any event, Nicholas and Alexandra can hardly be said to be innocent under the circumstances of this case, as, *inter alia*, it is undisputed (1) that they participated in the Carter conveyance in 2013 with knowledge (a) that the subject premises had previously been conveyed to Olga, but the Olga Deed had not been recorded[7], and (b) that Olga had executed the 2008 Mortgage and Note, the proceeds of which were used to satisfy their 2003 Mortgage, but the 2008 Mortgage had not been recorded; and (2) that they received part of the proceeds from the Carter conveyance. Rather than alert the Carters, Wells Fargo, or any of the other participants in the Carter conveyance to the existence of the Olga Deed, the 2008 Mortgage or the Note, Nicholas and Alexandra, together with Olga, took advantage of the failure to record the Olga Deed and 2008 Mortgage by surreptitiously conveying the subject premises to the Carters free and clear of the 2003 Mortgage and pocketing the proceeds therefrom. None of the arguments raised by defendants refute those facts. Thus, equity and good conscience require restitution in this case. See, e.g. NMR Realty, 2014 WL 3585716,

---

[7] Indeed, the reason Nicholas and Alexandra had to participate in the Carter conveyance at all was because the Olga Deed had not been recorded and, thus, the last recorded deed, i.e., the Christodoulakis Deed, showed that they and Olga were the owners of the subject premises.

at * 5-7.

Moreover, absent detrimental reliance, "[a] party who pays money, under a mistake of fact, to one who is not entitled to it, should, in equity and good conscience, be permitted to recover it back. . . ." Manufacturers Hanover Trust Co. v. Chemical Vank, 160 A.D.2d 113, 117, 559 N.Y.S.2d 704 (N.Y. App. Div. 1990); accord Island Fed. Credit Union v. Smith, 60 A.D.3d 730, 732, 875 N.Y.S.2d 198 (N.Y. App. Div. 2009); NMR Realty, 2014 WL 3585716, at * 5. Since plaintiff's predecessor or assignor satisfied Nicholas's and Alexandra's 2003 Mortgage under the reasonable, but mistaken, assumption that the Olga Deed and 2008 Mortgage would be promptly recorded, equity and good conscience require restitution in this case. Indeed, "[e]quity would be offended if, due to the fortuity [of the failure to record the Olga Deed and 2008 Mortgage]," Counihan, 194 F.3d at 361, Nicholas and Alexandra were permitted to retain the benefits they received, i.e., the satisfaction of their indebtedness under the 2003 Mortgage and the proceeds they received from the Carter conveyance, at the expense of plaintiff, or its predecessor or assignor. Accordingly, so much of plaintiff's cross motion as seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on its unjust enrichment claims against Nicholas and Alexandra is granted and plaintiff is awarded judgment on its unjust enrichment claims seeking compensatory damages against Nicholas and Alexandra in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38), i.e., the amount paid in 2008 to satisfy their 2003 Mortgage.[8]

---

[8] Plaintiff did not seek summary judgment on its claims for punitive damages, interest, or attorneys' fees against defendants.

However, plaintiff cannot recover the full amount due and owing from Olga on the Note and the full amount of compensatory damages awarded on its unjust enrichment claims against Nicholas and Alexandra, as "[s]uch a double recovery would put [it] in a better position than [it] would have been in had [Olga] satisfactorily performed [her obligations under the 2008 Mortgage and Note]."  Ostano Commerzanstalt v. Telewide Systems, Inc., 880 F.2d 642, 649 (2d Cir. 1989); see also Phelan v. Local 305 of United Ass'n of Journeymen, and Apprentices of Plumbing and Pipefitting Indus. of U.S. and Canada, 973 F.2d 1050, 1063 (2d Cir. 1992) ("A plaintiff may not recover twice for the same injury.")  Accordingly, "[t]he full payment of the [the award against Olga on plaintiff's claim to recover on the Note], which is the larger of the two [awards], * * * shall be deemed a satisfaction of the smaller compensatory award [against Nicholas and Alexandra] for [unjust enrichment]."  Ostano Commerzanstalt, 880 F.2d at 649. "All payments of compensatory damages by any defendant should be first credited to the larger [] award [against Olga], as is the rule in respect to joint tortfeasors."  Id.; see also Phelan, 973 F.2d at 1063 ("When a plaintiff receives a payment from one source for an injury, defendants are entitled to a credit of that amount against any judgment obtained by the plaintiff as long as both payments represent common damages.")  In no event will Nicholas and Alexandra be required to pay more than the amount awarded against them as compensatory damages on plaintiff's unjust enrichment claims against them.  Thus, Nicholas's and Alexandra's liability for compensatory damages on plaintiff's unjust enrichment claims shall be deemed satisfied upon their payment to plaintiff of the full amount of the award against them, i.e., two hundred ninety-five thousand two

hundred ninety-eight dollars and thirty-eight cents ($295,298.38), or the satisfaction of the four

hundred fifty-nine thousand eight hundred eighty-four dollars and ninety-four cents

($459,884.94) award on plaintiff's claim against Olga to recover on the Note, whichever occurs

first. See <u>Ostano Commerzanstalt</u>, 880 F.2d at 649.


III.     CONCLUSION

For the foregoing reasons, (1) defendants' motion seeking dismissal of plaintiff's unjust

enrichment claims (third and fourth causes of action) pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, (DE 36 and 38), is granted to the extent that plaintiff's unjust

enrichment claims against Olga Christodoulakis are dismissed in their entirety with prejudice for

failure to state a claim for relief, and the motion is otherwise denied; (2) plaintiff's cross motion

seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on its

first, third and fourth causes of action, (DE 37), is granted to the extent that (a) plaintiff is

granted judgment as a matter of law on its claim against Olga to recover on the Note (first cause

of action) in the amount of four hundred fifty-nine thousand eight hundred eighty-four dollars

and ninety-four cents ($459,884.94), and (b) plaintiff is granted judgment as a matter of law on

its claims against Nicholas and Alexandra seeking compensatory damages for unjust enrichment

in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-

eight cents ($295,298.38), and plaintiff's cross motion is otherwise denied; and (3) defendants'

applications to vacate the dismissal of their first five (5) affirmative defenses or, in the

alternative, to dismiss the complaint in its entirety, (DE 52 and 56), are denied.

SO ORDERED.

_____/s/_____
Sandra J. Feuerstein
United States District Judge

Dated: September 29, 2015
Central Islip, New York