FILED
CLERK
4/18/2016 11:15 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GREEN TREE SERVICING LLC.,

        Plaintiff,

    -against-

NICHOLAS CHRISTODOULAKIS,
ALEXANDRA CHRISTODOULAKIS, and
OLGA CHRISTODOULAKIS,

        Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
**14-CV-2037 (SJF)(AYS)**

I.    Introduction

On March 31, 2014, plaintiff Green Tree Servicing LLC ("plaintiff") commenced this action against defendants Nicholas Christodoulakis ("Nicholas"), Alexandra Christodoulakis ("Alexandra") and Olga Christodoulakis ("Olga") (collectively, "defendants"), pursuant to this Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), asserting claims seeking (1) to recover on a certain promissory note, and (2) damages for fraud, unjust enrichment and breach of warranty of title. By order dated September 29, 2015, the Court: (1) granted defendants' motion to dismiss plaintiff's third and fourth (unjust enrichment) causes of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to the extent of dismissing plaintiff's unjust enrichment claims against Olga in their entirety with prejudice for failure to state a claim for relief, and otherwise denied defendants' motion; (2) granted plaintiff's cross motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on its first, third and fourth causes of action (claims to recover on a certain promissory note and

1

seeking damages for unjust enrichment, respectively) to the extent of granting plaintiff judgment (a) on its claim against Olga to recover on the Note (first cause of action) in the amount of four hundred fifty-nine thousand eight hundred eighty-four dollars and ninety-four cents ($459,884.94), and (b) on its claims against Nicholas and Alexandra seeking damages for unjust enrichment in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38), and otherwise denied plaintiff's cross motion; and (3) denied defendants' applications to vacate the dismissal of their first through fifth affirmative defenses. Pending before the Court is (1) plaintiff's motion pursuant to Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York ("Local Rule 6.3") for reargument of so much of the September 29, 2015 Order as granted it judgment on its unjust enrichment claims against Nicholas and Alexandra in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38) to include an award of prejudgment interest computed from May 22, 2008; and (2) defendants' motion pursuant to Rule 60 of the Federal Rules of Civil Procedure and Local Rule 6.3 for reconsideration of so much of the September 29, 2015 Order as granted plaintiff summary judgment on its unjust enrichment claims against Nicholas and Alexandra. For the reasons set forth below, plaintiff's motion for reargument is granted to the extent set forth herein; and defendants' motion for reconsideration is granted but, upon reconsideration, the Court adheres to its original determination.

II.	Discussion

   A.	Standard of Review

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Gupta v. Attorney Gen. of United States, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

   B.	Plaintiff's Motion for Reargument

Although the issue of prejudgment interest was never raised by plaintiff on its cross motion for summary judgment, plaintiff contends, in essence, that it is entitled to prejudgment

interest on its unjust enrichment claims against Nicholas and Alexandra as a matter of right under New York law. As plaintiff contends, in essence, that this Court overlooked the fact that under New York law, an award of prejudgment interest on its unjust enrichment claims is mandatory, its motion for reargument is granted.

"In diversity cases, the federal courts look to the law of the forum state on the issue of prejudgment interest." Optopics Labs. Corp. v. Savannah Bank of Nigeria, Ltd., 816 F. Supp. 898, 909 (S.D.N.Y. 1993); see also Trademark Research Corp. v. Maxwell Online, Inc., 995 F.2d 326, 342 (2d Cir. 1993) ("The availability of prejudgment interest in this diversity suit is determined by state law . . . . ")

Section 5001(a) of the New York Civil Practice Law and Rules provides:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

Thus, "Section 5001(a) provides for a mandatory award of prejudgment interest in certain actions, including those for breach of contract, but . . . contains an exception for actions at equity[.]" Bank of New York Trust Co., N.A. v. Franklin Advisers, Inc., 726 F.3d 269, 282 (2d Cir. 2013).

"While section 5001(a) makes interest mandatory only for awards based on 'breach of performance of a contract,' N.Y. C.P.L.R. § 5001(a), case law reflects that this phrase includes claims arising from contracts implied in law and quasi-contracts."[1] Stillman v. InService Am.

---

[1] Under New York law, "[t]he theory of unjust enrichment lies as a quasi-contract claim." Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 54 (2d Cir. 2011) (quoting Goldman v. Metropolitan Life Ins. Co., 5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 841

4

Inc., 738 F. Supp. 2d 480, 481 (S.D.N.Y. 2010), aff'd, 455 F. App'x 48 (2d Cir. Jan. 11, 2012) (quotations and citation omitted).

In arguing that there are conflicting decisions in the New York intermediate appellate courts on the issue of whether prejudgement interest is mandatory or discretionary with respect to quasi-contractual claims, defendants rely upon an article that appeared in the New York Law Journal on November 9, 2011, Joseph H. Einstein and Jonathan Gardner, "Expert Analysis," Quantum Meruit Claims: Is Interest Mandatory or Discretionary, N.Y.L.J., Nov. 9, 2011, vol. 246, no. 91. While defendants correctly note that the New York Court of Appeals has not yet ruled on the issue of whether prejudgement interest is mandatory or discretionary with respect to quasi-contractual claims, they fail to recognize that the Second Circuit has. Specifically, approximately two (2) months after the New York Law Journal article upon which defendants rely, the Second Circuit held, in relevant part:

> "We have previously held that a plaintiff who succeeds on a quasi-contract or implied-contract claim is entitled to pre-judgment interest under [N.Y.] C.P.L.R. 5001(a), see United States Fire Ins. Co. v. Federal Ins. Co., 858 F.2d 882, 887-89 (2d Cir. 1988), and New York courts have held that a *quantum meruit* claim is a theory of quasi-contract[.] . . . Although defendants direct us to a recent Third Department case stating, without discussion, that prejudgment interest on a *quantum meruit* claim is discretionary, . . . we are not persuaded that the New York Court of Appeals would reach that same conclusion[.] . . . Rather, we conclude that the New York Court of Appeals would likely agree with the reasoned analysis set forth in cases holding that pre-judgment interest on *quantum meruit* claims is mandatory under [N.Y.] C.P.L.R. 5001(a) . . . ."

Stillman, 455 F. App'x at 51-52 (citations omitted).

Thus, although unjust enrichment claims are equitable in nature, under New York law, an

---

N.E.2d 742 (N.Y. 2005)); accord Georgia Malone & Co. v. Rieder, 19 N.Y.3d 511, 516, 950 N.Y.S.2d 333, 973 N.E.2d 743 (N.Y. 2012).

5

award of prejudgment interest is mandatory on the judgment awarding plaintiff damages on its unjust enrichment claims against Nicholas and Alexandra in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38). See, e.g. Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991) (holding that New York's statutory rate of interest was mandatory on the plaintiff's claims seeking damages for, *inter alia*, unjust enrichment); Eighteen Holding Corp. v. Drizin, 268 A.D.2d 371, 372, 701 N.Y.S.2d 427 (N.Y. App. Div. 2000) (affirming an award of prejudgment interest pursuant to CPLR 5001 on plaintiff's claims seeking damages for unjust enrichment and conversion); Steinberg v. Sherman, No. 07-cv-1001, 2008 WL 1968297, at * 5 (S.D.N.Y. May 2, 2008) ("Causes of action such as [] conversion and unjust enrichment qualify for the recovery of prejudgment interest under N.Y. C.P.L.R. § 5001(a)." (quotations, alterations and citation omitted)). Accordingly, upon reargument, plaintiff has established a need to correct a clear error in the September 29, 2015 Order, i.e., the failure to award prejudgment interest on its unjust enrichment claims against Nicholas and Alexandra as mandated under New York law.

Pursuant to New York law, "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." N.Y. C.P.L.R. § 5001(b). "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." Id. Moreover, in actions at law, or cases in which "[t]he cause of action and damages requested [are] essentially legal in nature," Action S.A., 951 F.2d at 508-09, courts must apply New York's "simple statutory rate" of interest of nine percent (9%) per annum. Id., at 508.

6

A cause of action for unjust enrichment "accrue[s] upon the occurrence of the wrongful act giving rise to a duty of restitution[.]" In re Estate of Trombley, 137 A.D.3d 1641, — N.Y.S. 3d —, 2016 WL 1165329, at * 1 (N.Y. App. Div. Mar. 25, 2016) (quotations and citation omitted); accord Swain v. Brown, 135 A.D.3d 629, 632, 24 N.Y.S.3d 598 (N.Y. App. Div. 2016). Although plaintiff seeks to recover prejudgment interest from May 22, 2008, i.e., the date that the proceeds from the BU Loan were used to satisfy Nicholas's and Alexandra's 2003 Mortgage, plaintiff's unjust enrichment cause of action did not accrue until March 8, 2013, when defendants took advantage of the failure to record the Olga Deed and 2008 Mortgage and Note to surreptitiously convey the subject premises to the Carters free and clear of the 2003 Mortgage and repudiated any intention of repaying the BU Loan. See, e.g. In re Estate of Trombley, 137 A.D.3d 1641, — N.Y.S.3d —, 2014 WL 1165329, at * 1 (finding that the petitioner's cause of action for unjust enrichment accrued "when she repudiated any intention of conveying the real property . . . ."); Maya NY, LLC v. Hagler, 106 A.D.3d 583, 585, 965 N.Y.S.2d 475 (N.Y. App. Div. 2013) (holding that for purposes of the plaintiff's unjust enrichment claim, the alleged wrongful act occurred when the money the plaintiff loaned to defendants should have been repaid to plaintiff and not when the plaintiff first advanced the funds); see also Campione v. Campione, 942 F. Supp. 2d 279, 284 (E.D.N.Y. 2013) ("[A] claim for unjust enrichment accrues only when the enrichment actually becomes unlawful." (quotations and citation omitted); T.E.A.M. Entm't, Inc. v. Douglas, 361 F. Supp. 2d 362, 369 (S.D.N.Y. 2005) (accord). Accordingly, plaintiff's motion for reargument of the September 29, 2015 Order is granted to the extent that the September 29, 2015 Order is deemed amended to include an award of prejudgment interest at the statutory rate of nine percent (9%) per annum, computed from March 8, 2013, on the judgment

awarding plaintiff damages on its unjust enrichment claims against Nicholas and Alexandra in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38).

    C.    Defendants' Motion for Reconsideration

Since defendants contend, *inter alia*, that the September 29, 2015 Order: (1) failed to address the issue of plaintiff's standing with respect to its unjust enrichment claims against Nicholas and Alexandra; and (2) overlooked certain purportedly undisputed facts in awarding plaintiff compensatory damages in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38) on its unjust enrichment claims against Nicholas and Alexandra, their motion for reconsideration is granted.

However, upon reconsideration of plaintiff's unjust enrichment claims against Nicholas and Alexandra, I adhere to my original determination in the September 29, 2015 Order to grant plaintiff summary judgment on those claims in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38). Contrary to defendants' contention, I did not fail to consider the issue of plaintiff's standing to assert its unjust enrichment claims against Nicholas and Alexandra since defendants' never challenged plaintiff's standing to assert those claims on any basis other than plaintiff's status as an owner or holder of the 2008 Note. Indeed, defendants did not challenge plaintiff's standing at all in their motion to dismiss, and argued in opposition to plaintiff's cross motion for summary judgment, in relevant part:

> "In order to even maintain, let alone to procure a judgment on, the causes of action in the Complaint, the Plaintiff must show that it is the owner and holder of the [2008] Note, *which is the underlying obligation for all of the causes of action in the Complaint including, of course, the First, Third and Fourth Causes of Action* [the unjust enrichment causes of action] . . . ."

("Affidavit [of James F. Misiano, defendants' counsel] in Opposition to Motion for Summary Judgment and in Reply in Support of Motion to Dismiss under Rule 12(b)(6)" ["Misiano Aff."], ¶ 12) (emphasis added). In addition, defendants' argued, in relevant part:

> "[A]side from our substantive defenses to the unjust enrichment claims in the Third and Fourth Causes of Action, . . . summary judgment on those causes of action would similarly have to be denied, without ever reaching the substantive merits, if it is determined that there are questions of fact *as to whether Plaintiff owns the subject Note, and thus whether it is a proper party to maintain the unjust enrichment claim*."

("Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment ["Def. SJ Mem."] at 13-14) (emphasis added). The Court could not have overlooked an issue that was never previously advanced before it; and a motion for reconsideration is not "an opportunity for making new arguments that could have been previously advanced." <u>Stone v. Theatrical Inv. Corp.</u>, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (quotations and citation omitted); <u>see</u> <u>also</u> <u>Norton v. Town of Brookhaven</u>, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) ("It is well-settled that a motion for reconsideration is not a vehicle for . . . presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (quotations, brackets and citation omitted)).

Moreover, the fact that plaintiff has standing to pursue its unjust enrichment claims against Nicholas and Alexandra is necessarily subsumed in this Court's finding that plaintiff established its entitlement to judgment as a matter of law on those claims.

Although defendants contend that "the Court's conclusion that only Olga – and not Nicholas and Alexandra – provided consideration for the funds utilized to satisfy the [2003] mortgage, is factually incorrect[,]" ("Defendants' Memorandum of Law in Support of Motion for Reconsideration pursuant to Local Rule 6.3 and FRCP Rule 60(b)" ["Def. Mem."] at 16), because Nicholas and Alexandra executed both the Satisfaction of Mortgage and the Olga Deed during the 2008 closing, they also argue that the failure to record the 2008 Mortgage and Note "may have facilitated a party's receipt and retention of funds to which she was not entitled . . ., [but] did not render unjust the mortgage satisfaction *for which full consideration was given **by Olga***[.]" (Id. at 17-18) (emphasis added). Indeed, defendants' contention that Nicholas's and Alexandra's execution of the Satisfaction of Mortgage, i.e., the document which conferred the very benefit by which they were unjustly enriched, "provided consideration for the funds utilized the satisfy the mortgage," (id. at 16), is illogical to say the least. Similarly, the Court fails to see how Nicholas's and Alexandra's execution of the Olga deed, which conveyed the property from all three (3) defendants to just Olga, provided any consideration to plaintiff's assignor for its satisfaction of the 2003 Mortgage from the proceeds of the BU Loan. To the contrary, as seemingly recognized even by defendants in their latter aforementioned contention, the only consideration for the BU Loan and satisfaction of the 2003 Mortgage was the 2008 Mortgage and Note executed by just Olga. Thus, I did not overlook any facts in finding that Nicholas and Alexandra received a benefit in 2008, i.e., satisfaction of their 2003 Mortgage, without giving plaintiff, or its assignor, anything in return therefor. (See 9/25/15 Order at 27).

Furthermore, since "the doctrine of unjust enrichment is grounded in restitution, the measure of damages for an unjust enrichment claim is based on the amount of benefit retained by

10

the defendant[s], rather than by a plaintiff's loss." Swan Media Grp., Inc. v. Staub, 841 F. Supp. 2d 804, 809-10 (S.D.N.Y. 2012); accord Price v. Cushman & Wakefield, Inc., 829 F. Supp. 2d 201, 217 (S.D.N.Y. 2011); Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC, 813 F. Supp. 2d 489, 534 (S.D.N.Y. 2011). As the benefit Nicholas and Alexandra retained was the satisfaction of their 2003 Mortgage, the Court did not overlook any facts in awarding plaintiff judgment on its unjust enrichment claims against Nicholas and Alexandra in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38), i.e., the amount paid from the proceeds of the BU Loan to satisfy their 2003 Mortgage. Accordingly, upon reconsideration, the Court adheres to its original determination in the September 29, 2015 Order to grant plaintiff summary judgment on its unjust enrichment claims against Nicholas and Alexandra in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38).

III. CONCLUSION

For the foregoing reasons, plaintiff's motion for reargument is granted to the extent that the September 29, 2015 Order is deemed amended to include an award of prejudgment interest at New York's statutory rate of nine percent (9%) per annum, computed from March 8, 2013, on the judgment awarding plaintiff damages on its unjust enrichment claims against Nicholas and Alexandra in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38); and defendants' motion for reconsideration is granted but, upon reconsideration, the Court adheres to its original determination in the September 29, 2015 Order to award plaintiff summary judgment on its unjust enrichment claims against Nicholas and

Alexandra in the amount of two hundred ninety-five thousand two hundred ninety-eight dollars and thirty-eight cents ($295,298.38).  The plaintiff shall advise the Court in writing, **on or before Friday, April 29, 2016**, whether it will be pursuing its remaining claims against Olga seeking damages for fraud and breach of warranty of title or dismissing those claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: April 18, 2016
      Central Islip, New York